IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

ANTONIO SOSA,

    Petitioner,

    v.

B. CURRY, Warden,

    Respondent.

No. C 07-5830 WHA (PR)

**GRANT OF LEAVE TO PROCEED IN FORMA PAUPERIS; DISMISSAL WITH LEAVE TO AMEND**

Petitioner, a California prisoner currently incarcerated at the Correctional Training Facility in Soledad, has filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He also requests leave to proceed in forma pauperis.

The petition attacks denial of parole, so venue is proper in this district, which is where petitioner is confined. *See* 28 U.S.C. § 2241(d) (venue proper in both district of conviction and district of confinement).

**DISCUSSION**

**A.**     **STANDARD OF REVIEW**

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *Rose v. Hodges*, 423 U.S. 19, 21 (1975). Habeas corpus petitions must meet heightened pleading requirements. *McFarland v. Scott,* 512 U.S. 849, 856 (1994). An application for a federal writ

of habeas corpus filed by a prisoner who is in state custody pursuant to a judgment of a state court must "specify all the grounds for relief which are available to the petitioner ... and shall set forth in summary form the facts supporting each of the grounds thus specified." Rule 2(c) of the Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254. "'[N]otice' pleading is not sufficient, for the petition is expected to state facts that point to a 'real possibility of constitutional error.'" Rule 4 Advisory Committee Notes (quoting *Aubut v. Maine*, 431 F.2d 688, 689 (1st Cir. 1970). "Habeas petitions which appear on their face to be legally insufficient are subject to summary dismissal." *Calderon v. United States Dist. Court (Nicolaus)*, 98 F.3d 1102, 1108 (9th Cir. 1996) (Schroeder, J., concurring).

**B.    LEGAL CLAIMS**

Petitioner pleaded guilty to second degree murder in the Superior Court for Los Angeles County. He was sentenced to prison for fifteen years to life. He alleges that he has exhausted these parole claims by way of state habeas petitions.

Petitioner does not say what parole denial he is attacking, so has not pleaded sufficient facts to allow the respondent to answer if an order to show cause were issued, and he has not alleged that he has been the victim of the allegedly-unconstitutional procedures he objects to, so has not shown a real possibility of constitutional error which would entitled him to release or a shorter period of incarceration.

Aside from these points, the Court reads petitioner's claim as being that the standard of proof applied by the Board of Parole Hearings should be at least "preponderance of the evidence," if not "clear and convicting;" that the Board presently uses "some evidence" as the standard; and that this in unconstitutional. Petitioner appears to contend, with some justice, that use of "some evidence" at the initial hearing level confuses the due process requirements for appellate review, which undoubtedly is "some evidence," with what due process requires ab initio. If this is interpretation of his claim is not correct, petitioner should clarify his contentions in the amended petition.

///

///

**CONCLUSION**

1. Leave to proceed in forma pauperis (document number 2) is Granted.

2. For the reasons discussed above, the petition is **DISMISSED** with leave to amend. If petitioner chooses to amend he must do so within thirty days of the date this order is entered. If no amendment is filed within thirty days , or if the amended petition is still deficient, this case will be dismissed without further leave to amend.

3. Petitioner is reminded that all communications with the court must be served on respondent by mailing a copy of the document to respondent's counsel. Papers intended to be filed in this case should be addressed to the clerk rather than to the undersigned. Petitioner also must keep the court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address," and comply with any orders of the court within the time allowed, or ask for an extension of that time. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). *See Martinez v. Johnson*, 104 F.3d 769, 772 (5th Cir. 1997) (Rule 41(b) applicable in habeas cases).

**IT IS SO ORDERED.**

Dated:   December 30, 2007          .

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

G:\PRO-SE\WHA\HC.07\SOSA5830.DWL.wpd

3