1  ANTONIO SOSA
   D-78515, C-317L
2  P.O. BOX 689, CTF II (C)
   SOLEDAD, CA 93960-0689



FILED
08 JAN 25 PM 4:24
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTONIO SOSA, | No. C 07-5830 WHA (PR) |
| V. | **FIRST AMENDMENT TO PETITION FOR WRIT OF HABEAS CORPUS** |
| B. CURRY, Warden, et al., | **PURSUANT TO ORDER OF THE MAGISTRATE JUDGE** (Filed Jan.3, 08) |

**COMES PETITIONER**, ANTONIO SOSA, and submits the following First Amendment to his Original Habeas Corpus Petition now before this Court, for the following reason[s], to wit:

    1. The Magistrate Judge has granted Petitioner leave to clarify his Petition as to the parole denial that he is attacking, and he must also demonstrate how he has been victimized by the allegedly-unconstitutional procedures he objects to: "Some Evidence" Test Principle, inter alia. Relief is for the 12/5/05 Subsequent Hrng.

    a. As to the use by Board and Courts of the "Some Evidence" Test Principle versus, the "Preponderance of Evidence" or "Clear and Convincing" standards of Proof before the B.P.H. and the Courts on de novo review, it makes it impossible for Petitioner to 'proove' he is suitable for parole. Only that the Board Panels have violated his "Due Process Clause" rights under the U.S. Constitution

1.

FIRST AMENDMENT TO PETITION FOR WRIT OF HABEAS CORPUS (Cont.):

Fourteenth Amendment, making it next to impossible to 'prove' he is suitable for parole, because all the Panels need to prove is "any modicum" of evidence with "an indicia of reliability" that the prisoner "would pose an unreasonable risk of danger to society or a threat to public safety if released from prison. Certainly, the first thing that we considered was your commitment offense..." In fact, Petitioner has proved in his State habeas petitions in the three State Court levels, that the Board has created a "Protected Liberty Interest" violation against Petitioner, because his comportment (exemplary & unblemished), and his accomplishments in prison all point inexorably to a prisoner who has rehabilitated and is ready for parole. Instead, the Board has condemned him to a Life In Prison Without Parole sentence; a happenstance that has been repeated through five (5) parole consideration hearings, and shows no signs of abatement. (Please see State habeas corpus petitions attached to the Original Petition filed with this Court.)

    b. Title 15 Division Two, § 2236; (The B.P.H.'s own self-promulgated Rules and Guidelines for conducting Parole Suitability Considerationn Hearings,) it is NOT a requirement for the prisoner to admit, confess, or even discuss the Commitment offense before the Panels, and that refusal to do so cannot be held against the candidate prisoner as far as parole consideration is concerned. Yet, that is exactly what the visiting District Attorney suggested in his recommendation for a finding against suitability, when he incorrectly stated; DEPUTY DISTRICT ATTORNEY ROSE:: "Thank you." ... "It's the People's position that a date should not be granted. In fact, Mr. Sosa won't be ready within a year or two or maybe even three to get a date until he accepts responsibility for what he did..." (Underscoring added.).

2.

1. It has become common for the D.A.'s Representative to participate in Hearings contemporaneously as if he too is one of the Commissioners and comment on what the Panels should do as far as application of law is concerned. This D.A. did exactly that, and Ms. Susan Fisher, a Victim's Right Advocate Organization member and President; happilly 'let' him do that. Fortunately, her lack of professionalism and her naked bias during hearings assured her removal from her post aS A Commissioner. and Board Chairperson. Acordingly, Petitioner specifically asks this Court to afford him the opportunity to have another Hearing which is impartial and follows the Board's own Rules and Guidelines and the now numerous Court Findings and Orders in one case after another in State and Federal Courts treating with these same issues.

      c. On habeas corpus de novo review the Courts often opine that contentions or assertions by petitioners are "conclusiory" or "vague". Therefore, Petitioner would like to cite an example of superb quality and articulate observations by a Superior Court Judge in her Order to Respondents ordering that the Board pf Parole Hearings Commissioners undergo substantive training, if in fact, they are being truthful when they state they are impartial and unbiased interrogators in their hearings; Please see, In re Jamieson, Case No. 71194, Superior Court of Santa Clara County (Aug. 30, 2007, pp.26-27 );

> "The conclusive nature of the proof in this case, and the suggestion of institutional bias do not preclude formulation of a remedy which will guarantee adequate restrictions on, and guidance for, the Board's exercise of discretion in making parole suitability determinations. The Board can be made to lawfully perform its duties if given explicit ins-instructions.
> As noted, supra, a reason the case on this case irrefutably establish-es constitutional violations is because the Board does not, in actual fact, operating within the limiting construction of the regulations. The Board's expansive interpretation allows it to operate without any"

3.

FIRST AMENDMENT TO PETITION FOR WRIT OF HABEAS CORPUS (Cont.):

"true standards. <u>Although numerous rulings of both state and federal courts of appeal have invalidated the Board's application of the § 2402(c) criteria to particular facts, the Board does not take guidance from these binding precedents and ignores them for all other purposes.</u> (underscoring added.) In the most recent of these cases In re Roderick, (2007) ___ Cal. App. 4th ___ (A 113370); the First District held four of the five § 2402 factors "found" by the Board to be unsupported by any evidence. At footnote 14 the court took the time to criticize the Board for its repeated use of a "stock phrase" "generically across the state." The Court also clarified that "at minimum," the Board is responsible for articulating the grounds for its findings and for citing to evidence supporting these grounds.

There is nothing in the evidence presented that would allow any conclusion but that, without intervention of the Courts, the Board will ignore the lessons of these rulings in the future and continue to employ its formalaic approach of citing criteria from § 2402(c)(1), repeating the facts of the crime, but never demonstrating a logical connection between the two. This is the core problem with the Board's methodology -- they provide no explanation or rationale for the findings regarding the crime itself. This practise results in violence to the requirements of due process and individualized consideration which are paramount to the appropriate exercise of its broad discretion.

The only solution is one that compels the Board to identify the logical connection between the facts upon which it relies and the specific criteria found to apply in the individual case, example, the Board often finds that an inmate's motive is "trivial"without ever suggesting why, on these facts, that motive is not just as trivial as the motive behind any murder. What motive is not trivial? By any definition, "trivial" is a word of compari- and only has meaning when there can be examples that are not 'trivial."

... "Respondent has consistently refused to suggest what possible instances of murder would not <u>fit</u> the Board's amorphous application of the § 2402 criteria. Citing Dannenberg, Respondent insists such comparative analysis is unnecessary. Respondent fundamentally"

4.

FIRST AMENDMENT TO PETITION FOR WRIT OF HABEAS CORPUS (Cont.):

"misunderstands the Dannenberg holding.

The P.C. § 3041(b) exception to the rule can only be invoked when the "gravity of the current convicted offense or offenses, is such that the consideration of the public safety requires a more lengthy period of incarceration for this individual." The word "gravity" is a directive for comparison just as "more lengthy" indicates a deviation from the norm. While Dannenberg held there does not need to be intra case comparison for the purposes of term uniformity or proportionality, there necessarily has to be some sort of comparison for the purposes of adhering to the legislative mandate that parole is available. This is implicit in § 2402 because the qualifier "especially" in "especially heinous or atrocious or cruel," requires that some sort of comparison be made (Underscoring added.) While the original drafters of § 2402 seemed to have recognized this fact, the on-going conduct of the Board has completely ignored it, and this is the essence of the due process violations Petitioners have asserted..."

"In the vast numbers of Santa Clara county cases reviewed by this Court, the Board's formulaic decisions regarding the commitment offence do not contain any explanation or thoughtful reasoning. Instead, the Board's conclusionary invocation of words from § 2402(c)(1), is linked to a repetition of the facts wherein ... "Thereafter the inmate files a habeas corpus petition and Respondent, after requesting an Extension of Time, files a boilerplate reply asserting the Board's power is "great" and "almost unlimited" and thus any "modicum" of evidence suffices. Respondent does not cite or distinguish the expanding body of case law that is often directly on point as to specific findings made. Thereafter, if the writ is granted, the Board is directed to conduct a new hearing "in compliance with due process" and that Order is appealed by Respondent. On appeal the Order is usually upheld with modifications and in the end, after countless hours of attorney and Judicial time, the Board conducts a new two hour hearing at which their discretion and and due process id violated in some different way.

This system is malfunctioning and must be repaired. The solution must begin with the source of the problem. The Board must make efforts to comply with due process in the first instance. The case law published over the last five years provides ample and sufficient guidelines and must be followed. Although the Board methods suggest it believes"

5.

FIRST AMENDMENT TO PETITION FOR WRIT OF HABEAS CORPUS (Cont.):

"this to be optional, it is not...."

### REMEDY

Thus, it is the Order of this Court that the Board develop, submit for approval, and then institute a training policy for its members based on the current and expanding Body of published state and federal case law reviewing parole suitability decisions, and specifically the application of § 2402 criteria. In addition to developing guidelinesand further criteria for the substantive application of § 2402 the Board must develop rules, policies and procedures to ensure that the substantice guidelines are followed.

This Court its authority to impose this remedy to flow from the fundamental principles of Judicial review announced over two centuries ago in Madison v. Marbury, (1803) 5 U.S. (1Cranch) 137. Citing that landmark case, the California Supreme Court has recognized "Under time-honored principles of the common law, these incidents of the parole applicant's right to 'due consideration' cannot exist in any practical senceunless there also exists a remedy against abrogation." (In re Sturm, 11 Cal. 3d 258, 268.)

In Sturm, the Court directed that the Board modify its rules and procedures so that thereafter "The Authority will be required [,] commencing with the finality of this Opinionto support all its denials with a written, definitive statement of its reasons therefor and to communicate '(1) such a broadly all encompassing and univeral application) is that they have unwittingly invalidated the basis of the California Supreme Court's holding in Dannenberg. The reason the four Justice majority in Dannenberg upheld the Board's standard operating procedures in the face of Appeal and Dissent positions is because "the Board must apply detailed standards when evaluating whether an individual inmate is unsuitable for parole on public safety grounds." (Dannenberg, at p. 1096, footnote 16. See also page 1080: "The regulations do set detailed standards and criteria for determining whether a murderer with an indeterminate life sentence is suitable for parole.") However, Petitioners in these cases have proven that there are no "detailed standards at all. (Underscoring added.) Instead the Board has systematically reduced the "detailed "

6.

FIRST AMENDMENT TO PETITION FOR WRIT OF HABEAS CORPUS (Cont.):

""detailed standards" to empty words. The remedy that this Court Orders, that there truly be "detailed standards", requires the promulgfation of further rules and procedures to constrain and guide the Board's powers  This remedy differs in specifics, but not in kind, from what courts have previously imposed and have always had the power to impose.

The Board must fashion a training program and further rules, standards and regulations based on the opinions and decisions of the state and federal court cases which provide a limiting construction to the criteria which are applied.[8] The Board must also make provisions for the continuing education of its commissioners as new case law is published and becomes binding authority...."

---

"[8] While the showing and analysis in this case was limited to §2402(c)(1), the conclusions that the evidence compelled, that the Board has been carelessly distorting and misapplying the regulations, is not so limited. Accordingly, the training program that is necessaryfor the Board can not reasonably be limited to just § 2402(c)(1). Thus, to the extent case law recognizes, clarifies and establishes remedies for other due process violations they must also be incorporated into necessary rules and training the Board is required to abide by."

### ORDER

"For the above-listed reasons the habeas corpus petition is granted and it is hereby ordered that Petitioner be provided a new hearing which shall comply with due process as outlined above. Respondents shall provide weekly updates to this Court on the progress of its developments of the new rules and regulations outlined above."

DATED: August 30, 2007

　　　　　　　　　　　　　　　　　　LINDA R. CONDRON,
　　　　　　　　　　　　　　　　　　JUDGE OF THE SUPERIOR COURT

---

　　　　d.  Petitioner alleges, that not only in his last Hearing (1 Initial, 4 Subsequents), but this has been the attitude of the Panels in ALL his Hearings. However, Petitioner is attacking his last hearing on 12/5/08. The violations are Due Process Clause <u>and</u>

7.

FIRST AMENDMENT TO PETITION FOR WRIT OF HABEAS CORPUS (Cont.):

ex post facto - double jeopardy violations pursuant to the U.S. Constitution, Art. 1 §§ 9 & 10; & the Fifth Amendment. Ex post facto because Petitioner was already sentenced after a trial, by a bona fide Superior Court Judge in good standing with the State Bar & the State Bar Court, at considerable expense to the taxpayers of California utilizing many years of schooling and experience on the job by the Judge, Prosecutors and Defense Counsel; then comes the Cabal of Commissioners to re-try, re-convict, and resentence Petitioner over and over again, each time he has a pro forma, sub rosa quasijudicial 'trial', complete with a prosecuting D.A., digging up facts that will never change, while ignoring the many years of imprisonment and exemplary conduct on the part of this Petitioner; even 'inventing' new new, non-existing requirements to satisfy before Petitioner can even hope for a finding of suitability by these bought off persons. He is even recharged in the information with a 'new' offence; i.e., "not yet suitable for parole and would pose an unreasonable risk of danger to society or a threat to public safety if released from prison".

### CONCLUSION & PRAYER FOR RELIEF

WHEREFORE: Petitioner asserts he is illegally incarcerated by B. Curry, Warden, CTF II, and the B.P.H. Commissioners because 'he is custody in violation of the Constitution or laws of the United States." 28 U.S.C. § 2254(a); Rose v. Hodges, 423 U.S. 19, 21 (1975). As Petitioner stated in his Original Petition For Writ of Habeas Corpus to the Superior Court of California County of Los Angeles, (Pleas see Exhibit B to this Petition @ pp.3(w)- 3(x)):

### "CONCLUSION"

"Petitioner feels he is suitable for parole. His record reflects"

8.

"same. His record was clean prior to the instant offense, and he has remained disciplinary-free since. Petitioner's crime of commitment does not qualify as "exceptionally cruel or insensitive to human suffering." Petitioner did not go out to hurt anyone: nor was such evidence <u>ever</u> presented.... The B.P.H. 'invented' false "some evidence" to insure Petitioner never qualifies for parole suitability. Petitioner's Due Process rights are abrogated. He has been subjected to <u>ex post facto</u> & <u>double jeopardy</u> violations by a corrupt Body that is sworn to follow and obey the laws of the State. They are not.

The present Commissioners of the Board of Parole Hearings are in no Honorable position or of legal authority to decide the suitability or unsuitability of Petitioner for parole. Petitioner cannot and will not accede to their inflated self-importance and corruption. Nor should this or any other Court in California. Just as the Governor has 'attempted' to reconstruct the institution called CDCR: just so, the Board of Parole Hearings must be 'cleaned up and cleared of' corrupt officials earning $100,000 a year to kow-tow to the wishes of "pressured politicians" by a 'closure-famished public,' to forever punish sentenced indeterminate prisoners with an illegal, retroactively applied Life Without The Possibility of Parole sentence; until they die in prison.

WHEREFORE: for the foregoing reasons, Petitioner <u>respectfully requests</u> this Court issue an Order To Show Cause to Respondents that he has presented a <u>prima facie</u> case that he is illegally incarcerated by the Commissioners of the B.P.H., and Warden A.P. Kane, (now B. Curry), et al; and that they Answer to same. The Court is also asked to hold Evidentiary Hearings, after assigning an attorney to assist Petitioner. Finally, Petitioner enjoins this Court, upon full hearing[s], initiate procedures whereby the selection of an honest and brave B.P.H. is emplaced who will do their sworn duty, and and give Petitioner and his numerous contemporaries, honest, credible, lawful, parole hearings that do not violate the substantive Due Process Clause rights by ignoring its legal mandates, and even promulgating its own 'laws and/or creating"

9.

FIRST AMENDMENT TO PETITION FOR WRIT OF HABEAS CORPUS (Cont.):

"an unforseeable judicial enlargement of the criminal statutes applied retroactively".

Petitioner stands by these original Conclusions and Prayer For Relief; and sincerely hopes this Court will issue the petitioned Order To Show Cause, order the Evidentiary Hearing[s] to afford Petitioner the opportunity to expand on his allegations, hopefully with the help of a Court appointed Attorney, and finally grant Petitioner the Petition For Writ of Habeas Corpus along with his request for a new impartial hearing; or whatever other curative measures this Court finds appropriate under the circumstances proved herein.

DATED: January 22, 2008          Respectfully submitted,

x <u>Antonio Sosa</u>
ANTONIO SOSA, Petitioner
IN PROPRIA PERSONAM
IN FORMA PAUPERIS

<u>Joseph P. Gutierrez</u>
JOSEPH P. GUTIERREZ,
Layman Assistant, Pro Bono
D-02765, Z-138L
P.O. Box 689, CTF II (C)
SOLEDAD, CA 93960-0689

10.

EXHIBIT A

EXHIBIT A

EXHIBIT A

FILED
JAN - 3 2008
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTONIO SOSA, | No. C 07-5830 WHA (PR) |
| Petitioner, | **GRANT OF LEAVE TO PROCEED IN FORMA PAUPERIS; DISMISSAL WITH LEAVE TO AMEND** |
| v. | |
| B. CURRY, Warden, | |
| Respondent. | |

Petitioner, a California prisoner currently incarcerated at the Correctional Training Facility in Soledad, has filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He also requests leave to proceed in forma pauperis.

The petition attacks denial of parole, so venue is proper in this district, which is where petitioner is confined. *See* 28 U.S.C. § 2241(d) (venue proper in both district of conviction and district of confinement).

## DISCUSSION

**A.    STANDARD OF REVIEW**

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *Rose v. Hodges*, 423 U.S. 19, 21 (1975). Habeas corpus petitions must meet heightened pleading requirements. *McFarland v. Scott*, 512 U.S. 849, 856 (1994). An application for a federal writ

1  of habeas corpus filed by a prisoner who is in state custody pursuant to a judgment of a state
2  court must "specify all the grounds for relief which are available to the petitioner ... and shall set
3  forth in summary form the facts supporting each of the grounds thus specified." Rule 2(c) of the
4  Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254. "'[N]otice' pleading is not sufficient,
5  for the petition is expected to state facts that point to a 'real possibility of constitutional error.'"
6  Rule 4 Advisory Committee Notes (quoting *Aubut v. Maine*, 431 F.2d 688, 689 (1st Cir. 1970).
7  "Habeas petitions which appear on their face to be legally insufficient are subject to summary
8  dismissal." *Calderon v. United States Dist. Court (Nicolaus)*, 98 F.3d 1102, 1108 (9th Cir.
9  1996) (Schroeder, J., concurring).

**B.    LEGAL CLAIMS**

Petitioner pleaded guilty to second degree murder in the Superior Court for Los Angeles County. He was sentenced to prison for fifteen years to life. He alleges that he has exhausted these parole claims by way of state habeas petitions.

Petitioner does not say what parole denial he is attacking, so has not pleaded sufficient facts to allow the respondent to answer if an order to show cause were issued, and he has not alleged that he has been the victim of the allegedly-unconstitutional procedures he objects to, so has not shown a real possibility of constitutional error which would entitled him to release or a shorter period of incarceration.

Aside from these points, the Court reads petitioner's claim as being that the standard of proof applied by the Board of Parole Hearings should be at least "preponderance of the evidence," if not "clear and convicting;" that the Board presently uses "some evidence" as the standard; and that this in unconstitutional. Petitioner appears to contend, with some justice, that use of "some evidence" at the initial hearing level confuses the due process requirements for appellate review, which undoubtedly is "some evidence," with what due process requires ab initio. If this is interpretation of his claim is not correct, petitioner should clarify his contentions in the amended petition.

///
///

2

**CONCLUSION**

1. Leave to proceed in forma pauperis (document number 2) is Granted.

2. For the reasons discussed above, the petition is **DISMISSED** with leave to amend. If petitioner chooses to amend he must do so within thirty days of the date this order is entered. If no amendment is filed within thirty days, or if the amended petition is still deficient, this case will be dismissed without further leave to amend.

3. Petitioner is reminded that all communications with the court must be served on respondent by mailing a copy of the document to respondent's counsel. Papers intended to be filed in this case should be addressed to the clerk rather than to the undersigned. Petitioner also must keep the court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address," and comply with any orders of the court within the time allowed, or ask for an extension of that time. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). *See Martinez v. Johnson*, 104 F.3d 769, 772 (5th Cir. 1997) (Rule 41(b) applicable in habeas cases).

**IT IS SO ORDERED.**

Dated: 12/25/07

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

G:\PRO-SE\WHA\HC.07\SOSA5830.DWL.wpd

3

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

ANTONIO SOSA,

        Plaintiff,

v.

B CURRY et al,

        Defendant.

_____/

Case Number: CV07-05830 WHA

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on January 3, 2008, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Antonio Sosa D-78515
CTF II ©, C-317L
P.O. Box 689
Soledad, CA 93960-0689

Dated: January 3, 2008

                                        Richard W. Wieking, Clerk
                                        By: D. Toland, Deputy Clerk

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, state bar number, and address): | FOR COURT USE ONLY |
|---|---|
| ANTONIO SOSA<br>D-78515, C-317L<br>P.O. BOX 689, CTF II (C)<br>SOLEDAD, CA 93960-0689<br>TELEPHONE NO.:          FAX NO.:<br>ATTORNEY FOR (Name):<br>COURT: UNITED STATES DISTRICT COURT<br>STREET ADDRESS: NORTHERN DISTRICT CALIFORNIA<br>MAILING ADDRESS: ATTN: CLERK OF THE COURT<br>CITY AND ZIP CODE: U.S. COURTHOUSE, 450 GOLDEN GATE AVE.<br>BRANCH NAME: SAN FRANCISCO, CA 94102-3483<br>PETITIONER/PLAINTIFF:<br>ANTONIO SOSA<br>RESPONDENT/DEFENDANT:<br>B. CURRY, Warden, B.P.H. Commissioners. | |
| **PROOF OF SERVICE BY MAIL** | CASE NUMBER: |

1. I am at least 18 years of age, not a party to this action, and I am a resident of or employed in the county where the mailing took place.

2. My residence or business address is:
   Antonio Sosa, D-78515, C-3151
   P.O. Box 689, CTF II (C)
   SOLEDAD, CA 93960-0689

3. I served a copy of the following documents (specify):
   [X] Petition for Writ of Habeas Corpus       [ ] _____

   by enclosing them in an envelope AND
   a. [X] **depositing** the sealed envelope with the United States Postal Service with the postage fully prepaid.
   b. [ ] **placing** the envelope for collection and mailing on the date and at the place shown in item 4 following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service in a sealed envelope with postage fully prepaid.

4. The envelope was addressed and mailed as follows:
   a. Name of person served: **Clerk of The Court**
   b. Address: U.S. Dist. Ct. Nor. Dist. CA
      U.S. Courthouse, 450 Golden Gate
   c. Date mailed: San Francisco, CA 94102-3483
   d. Place of mailing (city and state):
      P.O. BOX 689, SOLEDAD, CA 93960-0689

   Hon. Edmund G. Brown, J.R.
   [X] STATE ATTORNEY GENERAL CAL.
   ATTN: Habeas Corpus Desk (B.P.H.)
   Post Office Box 83266
   San Diego, CA 92186-5266

5. I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: JANUARY 22, 2008

ANTONIO SOSA                                        ▶ x *Antonio Sosa*
(TYPE OR PRINT NAME)                                (SIGNATURE OF PERSON COMPLETING THIS FORM)