IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTONIO SOSA, | No. C 07-5830 WHA (PR) |
|     Petitioner, | **ORDER GRANTING MOTION TO DISMISS** |
| v. | |
| B. CURRY, Warden, | |
|     Respondent. | |

## INTRODUCTION

Petitioner, a California prisoner currently incarcerated at the Correctional Training Facility in Soledad, has filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. 2254. The petition was dismissed with leave to amend, and petitioner filed a timely amended petition. Thereafter, respondent was ordered to show cause why the petition should not be granted based on two claims set forth in the petition. Respondent has filed a motion to dismiss the petition. Petitioner has not opposed the motion.

## STATEMENT

Petitioner pleaded guilty to second degree murder in the Superior Court for Los Angeles County. He was sentenced to prison for fifteen years to life. In 2005, the California Board of Parole Hearings ("BPH") found petitioner to be unsuitable for parole. He challenged that decision in a habeas petition filed in the California Supreme Court (Resp't. Ex. 2), which was denied in 2007. In 2008, the BPH held another parole hearing, again finding petitioner

unsuitable for parole. The parties do not indicate whether or when petitioner challenged the 2008 parole decision in the state courts.

**ANALYSIS**

**A.    PAROLE HEARING**

Respondent's first argument for dismissal is that the amended petition does not identify which parole hearing petitioner is challenging. The original petition was dismissed for this very reason, namely that it did not identify the parole hearing petitioner was challenging. Petitioner was instructed to file an amended petition in which he clearly identified the parole hearing he wished to challenge, and he was cautioned that his failure to do so would result in the dismissal of this action. The amended petition does not do so. In one place the amended petition states that parole hearing being challenged took place in 2005 (Amend. Pet. at 1), but later the amended petition states that the 2008 parole hearing is being challenged (*id.* at 7). Petitioner does not oppose respondent's motion to dismiss this action for failing to cure the deficiency in the original petition. Consequently, this action will be dismissed.

**B.    EXHAUSTION**

Alternatively, respondent argues that the petition should be dismissed for failure to exhaust. In his amended petition, petitioner claims: (1) that his right to due process was violated because there was insufficient evidence of his unsuitability for parole in light of his "exemplary" prison record; and (2) the denial of parole violated the Ex Post Facto Clause because it effectively sentenced him to a term of life in prison without parole (*id.* at 1-2, 7-8).

An application for a federal writ of habeas corpus filed by a prisoner who is in state custody pursuant to a judgment of a state court may not be granted unless the prisoner has first exhausted state judicial remedies, either by way of a direct appeal or in collateral proceedings, by presenting the highest state court available with a fair opportunity to rule on the merits of each and every issue he or she seeks to raise in federal court. *See* 28 U.S.C. § 2254(b),(c); *Granberry v. Greer*, 481 U.S. 129, 133-34 (1987). The petition to the California Supreme Court set forth the first claim petitioner raises here, namely that the denial of parole violated

due process because it was not based on sufficient evidence of his unsuitability (Resp't Ex. 2 at 3-4(c)). Respondent argues that the first claim was not exhausted because the state petition did not specifically state that the evidence of unsuitability was insufficient because of petitioner's "exemplary record" in prison. Although the state petition does not use that phrase, it clearly argues that petitioner's prison behavior, among other things, did not amount to sufficient evidence of his parole unsuitability. For purposes of exhaustion, pro se petitions in state court should be read differently from counseled petitions. *Peterson v. Lampert*, 319 F.3d 1153, 1159 (9th Cir. 2003) (en banc). Petitioner's claim in state court that the denial of parole violated due process because it was not based on sufficient evidence is sufficient to exhaust such a claim for federal habeas review. *See, e.g., Sanders v. Ryder*, 342 F.3d 991, 999 (9th Cir. 2003) (petitioner's pro se status in state court was a factor in favor of finding exhaustion where prisoner claimed ineffective assistance of counsel but failed to cite federal constitution or federal case law in support of his claim).

Petitioner did not, by contrast, raise the ex post facto claim in his amended petition in the California Supreme Court. As a result, his amended petition contains an unexhausted claim. The United States Supreme Court held in *Rose v. Lundy*, 455 U.S. 509 (1982), that federal courts must dismiss a habeas petition which contains one or more unexhausted claims. *Id.* at 522 (1982). If the petition combines exhausted and unexhausted claims, *Rose v. Lundy* requires dismissal of the entire habeas petition without reaching the merits of any of its claims. *Guizar v. Estelle*, 843 F.2d 371, 372 (9th Cir. 1988). Although a court may allow a petitioner the opportunity to return to state court to exhaust the unexhausted issue and later amend the petition, *Rhines v. Weber*, 544 U.S. 269, 277-78 (2005), there are two reasons that this approach is not warranted here. First, petitioner was already granted an opportunity to amend his petition but failed to cure the simple deficiency in the original petition. Second, petitioner has not opposed the motion to dismiss or disputed that the amended petition is mixed and contains an unexhausted claim, nor has he, in response to the motion, requested an opportunity to exhaust his unexhausted claim. For these reasons, the fact that the amended petition is a mixed petition

1  provides an additional grounds for dismissal.

## CONCLUSION

For the foregoing reasons, respondent's motion to dismiss (docket number 6) is **GRANTED** and the petition for a writ of habeas corpus is **DISMISSED**.

Rule 11(a) of the Rules Governing Section 2254 Cases now requires a district court to rule on whether a petitioner is entitled to a certificate of appealability in the same order in which the petition is denied. Petitioner has failed to make a substantial showing that his claims amounted to a denial of his constitutional rights or demonstrate that a reasonable jurist would find this court's denial of his claim debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Consequently, no certificate of appealability is warranted in this case.

The clerk shall close the file.

**IT IS SO ORDERED.**

Dated: October  25 , 2010.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

G:\PRO-SE\WHA\HC.07\SOSA5830.MTD.wpd

4